No. 1656.—J. M. ORIOL v. HIS CREDITORS—On Opposition to Tableau.

The wife of an insolvent, having specially renounced her mortgage rights in due and legal form, in an act of mortgage given by her husband before his insolvency, in favor of a creditor, must show, in order to defeat the rank of the mortgage over that of her own after ins - vency, that her renunciation was obtained through improper influences of her husband. The fact that the husband was present at the time of signing the renunciation does not prove that he exercised improper influence in procuring her signature.

APPEAL from Sixth District Court of New Orleans. *Duplantier*, J. John H. New, for plaintiff and appellant. *E. Bermudez*, for Mrs. Oriol. *M. M. Cohen*, for syndic, appellees.

HOWELL, J. J. M. Lapeyre and Pike, Lapeyre & Brother have appealed from a judgment rendered on various oppositions to the tableau filed by the syndic herein. They complain that the mortgage of the insolvent's wife has been enforced upon the proceeds of the real estate surrendered, and their own disallowed.

More than three months prior to the failure of the insolvent, he executed his note for $5000 to his own order, payable at the banking house of Pike, Lapeyre & Brother, and secured by mortgage on certain property in favor of J. M. Lapeyre, a member of said firm, in which act of mortgage Mrs. Oriol, the wife of the mortgagor, duly assisted, intervened and made a renunciation in the usual form, in favor of the mortgagee, his heirs and assigns.

In her opposition to the tableau she alleges that her husband received no consideration for the note and mortgage given to Lapeyre; that at the date thereof her husband was insolvent to the knowledge of Lapeyre, and that she signed the act of mortgage and renunciation of her rights unaware of the contents of the document, in the presence of her husband and under his influence and pressure.

The act of renunciation is in due form, and contains all the declarations and recitals required by law, as to the manner of taking the renunciation, reading and explaining the act of mortgage, specially informing the wife of her rights, etc., out of the presence of the husband; and there is not sufficient evidence in the record to contradict this authentic instrument. Her *signing* it in the presence of the husband is no proof of undue marital influence, but something necessary to be done.

The evidence shows that Oriol, the mortgagor, was, at the time, largely indebted to Pike, Lapeyre & Brother, and that, in taking the note and mortgage, Lapeyre acted for his firm, and to secure their debt *pro tanto*, taking also other securities for other portions thereof; and it does not show that he was then aware of the debtor's insolvency.

The fact that the mortgage was taken in the name of a member of the firm is no proof of a want of consideration or of invalidity. The principal obligations had a legal existence, and the accessory, being in legal form, is binding on the property mortgaged, and must rank the mortgage of the wife, who specially renounced her mortgage rights.

W. W. Carré & Co., appellees, in their answer to the appeal, ask an amendment of the judgment, but as the change prayed for would affect others beside the appellants, it can not be granted, even if they had a good ground of complaint. They should have appealed, as judgments can not be amended as between appellees.

It is therefore ordered that the judgment appealed from be reversed so far as it sets aside the mortgage in favor of J. M. Lapeyre, for Pike, Lapeyre & Brother, and that they, the said Pike, Lapeyre & Brother, be placed on the tableau as mortgage creditors to the amount of five thousand dollars, next in rank to J. B. Leprêtre, to be paid out of the proceeds of real estate mortgaged to said parties, and in preference to the claim of the insolvent's wife.

And it is further ordered that, as thus amended, the judgment be affirmed, costs of appeal to be paid by the insolvency.